LEMOINE, *Appellant*, v. CITY OF ST. LOUIS.

Division Two, February 27, 1894.

City of St. Louis: PRINCIPAL DEPUTY RECORDER OF VOTERS: COMPENSATION: EXTRA PAY. The principal deputy recorder of voters of the city of St. Louis, appointed by the recorder of voters at a fixed

annual salary (Laws, 1883, p. 38), is not entitled to extra pay for work for time over seven hours a day allowed to the clerks and deputies paid by the day.

*Appeal from St. Louis City Circuit Court.*

Affirmed.

*Leverett Bell* for appellant.

Under the terms of the act of March 31, 1883, appellant is entitled to the compensation sued for in this case. No construction should be given to the act which will exclude the principal deputy from its beneficial operation and no discrimination should be made between deputies.

*W. C. Marshall* for respondent.

The plaintiff has no valid claim against the city for the extra compensation sued for. He receives an annual salary. Such other deputies as are authorized by section 11 are paid by the day and are only such as are necessary from press of business from time to time and are not to be permanently employed in contemplation of the act of 1883.

Gantt, P. J.—The petition, as amended in the court below, was as follows: "The plaintiff states that the defendant is and was at the times hereinafter mentioned, a municipal corporation duly created by law; and that under the terms of an act of the general assembly of the state, entitled: 'An act to provide for the registration of all voters in cities having a population of over one hundred thousand inhabitants,' etc., approved March 31, 1883, all the expenses of registering voters and conducting elections in St. Louis are imposed on the defendant; and by the terms of said law a dep-

uty recorder of voters is allowed a sum *pro rata*, based on his pay, for all overtime and overwork in the performance of his official duties under said law; and the plaintiff avers that he was a principal deputy recorder of voters in St. Louis, duly appointed and qualified under said law, and that he served in that capacity from January 14, 1887, to February 28, 1891, and that during said term of service he performed two hundred and forty-five and eighty-nine one hundredth days of overtime and overwork, of the value of $1,187.68, based on the *pro rata* of his pay, the particulars of which are as follows, namely:   [Here follows an itemized statement of the account.]

"That said overtime and overwork of plaintiff were directed to be performed by the recorder of voters of said city, and were necessary and essential in conducting and carrying out and executing said law in St. Louis, and the plaintiff is entitled to have and recover of defendant therefor the sum of $1,187.68, for which he asks judgment, with interest and costs."

The defendant demurred to the petition on the ground that said petition does not state facts sufficient to constitute a cause of action. The demurrer was sustained and final judgment entered for the defendant, and an appeal was duly granted the plaintiff to this court.

An act of the general assembly of Missouri, approved March 31, 1883 (Laws of 1883, p. 38), provides for the registration of voters and the manner of conducting elections in St. Louis. A recorder of voters is required to be appointed by the governor, with the consent of the senate, for the term of four years from January 1, 1883, with the compensation of $2,500 per year, payable out of the city treasury. (Sec. 4.) The recorder of voters may appoint such clerks and deputies as he may deem necessary to faithfully and promptly

discharge the duties of his office, and such deputies and clerks shall hold office at the pleasure of the recorder of voters. The compensation of the clerks shall be $2.50 per day, and the compensation of the deputy recorders shall be $3 per day, for seven hours actual work, and for all overwork or overtime, the clerks and deputy recorders of voters shall receive the above rates *pro rata*. The clerks and deputy recorders are required to take the oath of office specified. (Sec. 11.) *The recorder of voters shall appoint one principal deputy recorder of voters*, who shall hold office during the pleasure of the recorder and *receive a salary of $1,500 per annum, payable monthly*. (Sec. 17.) All the costs and expenses of registration and of the office of recorder of voters are required to be paid out of the city treasury of St. Louis. (Sec. 25.) Certain criminal penalties are denounced against the recorder and deputy recorders in sections 8 and 9 of the act.

The question in this case is whether *the principal deputy* recorder of voters in sections 8 and 9 of the act is entitled to compensation in addition to his salary.

By paragraph 8 of section 26 of article 3 of the charter of the city of St. Louis it is provided *inter alia*, as follows: "*And that no other officer receiving a salary shall receive any fees, or other compensation for his services.*" Thus it will appear that plaintiff was the principal deputy recorder of voters, receiving a salary of $1,500 per annum, and that he was vested with the power of the recorder of voters, during the latter's absence; that the office was required to be kept open from 9 A. M., to 5 P. M., each day, except that for twenty days before the close of registration at each election it was required to be kept open until 9 o'clock P. M., and that by the terms of the city charter, above quoted, any officer of the city is prohibited from receiving any fees or compensation for his services if he receives a salary.

It is further provided by section 43 of article 4 of the city charter, as follows: "The term 'officers' whenever used in this charter shall include all persons holding any situation under the city government, or its departments, *with an annual salary*, or for a definite office."

The circuit court very properly held that plaintiff was not entitled to any extra compensation beyond his salary. The extra compensation allowed by section 11 is expressly given to the extra deputies appointed by the recorder of voters and not *to his principal deputy* whose salary was fixed by law. The statute furnishes its own interpretation, independent of the ordinances, which deny extra compensation. The judgment is affirmed. All of the division concur.